PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| ANISSA YOUNG, *et al.*, ) | |
| ) | CASE NO. 1:12cv2902 |
| Plaintiffs, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| FANNIE MAE, *et al*, ) | |
| ) | **MEMORANDUM OF OPINION AND** |
| Defendants. ) | **ORDER** [Regarding ECF Nos. 10; 15; 24] |

This matter is before the Court upon the Motions to Dismiss filed by Defendants BAC Home Loan Servicing L.P, *nka* Bank of America, N.A. ("BANA") and Fannie Mae (ECF No. 10), and Lerner, Sampson & Rothfuss ("LSR") (collectively "Defendants") (ECF No. 15). *Pro se* Plaintiffs Anissa Young and Vincent Little responded (ECF No. 19), and LSR replied (ECF No. 20). Plaintiffs thereafter filed an Emergency Motion for Temporary Restraining Order Preliminary Injunction of Eviction. ECF No. 24. The Court has been advised, having reviewed the record, the parties' briefs and the applicable law. For the reasons that follow, the Court grants Defendants' motions to dismiss, and accordingly denies Plaintiffs' emergency motion.

## I. Background

This action was filed by Plaintiffs against Fannie Mae, BANA, and LSR. ECF No. 1. The Complaint seeks relief under the Truth-In-Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, and also asserts the following claims: quiet title, wrongful foreclosure, the Ohio Consumer Sales Protection Act, abuse of process, and malicious prosecution. ECF No. 1 at 6-9. The Complaint also seeks a permanent injunction. ECF No. 1 at 9.

(1:12cv2902)

According to the Complaint, a promissory note and mortgage executed by Young was not properly assigned to Countrywide Home Loans Servicing ("Countrywide"), who nevertheless filed a foreclosure action against her in the Cuyahoga County Court of Common Pleas.[1] ECF No. 1 at 5. LSR was counsel for Countrywide in the foreclosure action. ECF No. 15 at 2. A judgment of foreclosure was entered on August 3, 2010, and sheriff's sale of the subject property was confirmed by order dated December 14, 2011.[2] ECF Nos. 15 at 2-3; 15-1.

Defendants filed motions to dismiss in the instant case setting forth the following bases: 1) pursuant to the *Rooker-Feldman* doctrine, the Court lacks subject matter jurisdiction; 2) Plaintiffs' claims are barred by the doctrine of *res judicata*; 3) Plaintiffs are judicially estopped from seeking to raise claims that could have been, but were not, raised in the underlying foreclosure action or when Young discharged her obligation on the promissory note in her Chapter 7 bankruptcy; 4) Plaintiffs do not set forth facts that state a valid claim for relief pursuant to Fed. R. Civ. Pro 12(b)(6); and 5) Mr. Little, as a tenant of the property, lacks standing. ECF Nos. 10; 15.

Plaintiffs filed a Response to Motions to Dismiss. ECF No. 19. The Response does not address the bases for dismissal cited by Defendants. Instead, it asserts Young "owns the Property fee simple" because Defendants "cannot show proper receipt, possession, transfer, negotiations,

---

[1] Countrywide subsequently became BAC Home Loan Servicing, and is now BANA. ECF Nos. 1 at 5; 6 at 1.

[2] *See also Countrywide Home Loans Servicing v. Anissa Young*, Case No. CV-09-691294, http://cpdocket.cp.cuyahogacounty.us/p_CV_Docket.aspx.

2

(1:12cv2902)

assignment and ownership of the borrower's original Promissory Note and Mortgage, resulting in imperfect security interests and claims." ECF No. 19-2. Plaintiffs also filed a Motion for Temporary Restraining Order on March 22, 2013, seeking an order to stop an eviction action pending in the Cleveland Municipal Court, Housing Division.[3] ECF No. 24 at 2.

## II. Analysis

At the outset, the Court finds that Mr. Little does not have standing with respect to any of the claims asserted in the Complaint, as it is undisputed his interest in the real property at issue was as a tenant only. ECF No. 1 at 1.

### A. *Rooker-Feldman* Doctrine

Pursuant to the *Rooker-Feldman* doctrine, Federal district courts do not have jurisdiction over challenges to State court decisions even if those challenges allege that the State court's action was unconstitutional. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 n. 16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923). Federal appellate review of State court judgments can only occur in the United States Supreme Court, by appeal or by writ of certiorari. *Feldman*, 460 U.S. at 483 n.16. A party losing a State court case is barred from seeking what in substance would be appellate review of the State court judgment in a United States District Court based on the party's claim that the State judgment itself violates Federal rights. *Johnson v. DeGrandy*, 512 U.S. 997, 1005–06 (1994). Because the source of Young's alleged injury is the State court judgment foreclosing on the property, the

---

[3] *See Federal National Mortg. Assoc. v. Little*, Cleveland Municipal Court Case No. 2012 CVG 013786, https://pa.clevelandmunicipalcourt.org/pa/prodpa.urd/pamw2000.party_lst?4270487.

(1:12cv2902)

*Rooker-Feldman* doctrine bars the instant Court's subject matter jurisdiction over Young's Complaint.

### B. Res Judicata

The general rule of claim preclusion or "*res judicata* is that a valid and final judgment on a claim precludes a second action on that claim or any part of it. [It] applies not only to bar the parties from re-litigating issues that were actually litigated, but also to bar them from re-litigating issues that *could have been raised* in an earlier action." J.Z.G. Res., Inc. v. Shelby Ins. Co., 84 F.3d 211, 214 (6th Cir.1996)(emphasis in original). Ohio law precludes assertion of counterclaims for the first time in a subsequent action, and such claims are lost if not raised in that first action. See Rettig Enter., Inc. v. Koehler, 626 N.E.2d 99, 100 (Ohio 1994) (syllabus). In the context of a foreclosure action, "any claims that [ ] are logically related to the mortgage and the foreclosure are compulsory counterclaims to the foreclosure action." Jarvis v. Wells Fargo Bank, N.A., 2010 WL 2749601, at *7 (Ohio Ct. App. June 30, 2010); *see also* Demmler v. Bank One NA, 2006 WL 640499, at * 5 (S.D.Ohio March 9, 2006) (a plaintiff challenging the validity of a promissory note and foreclosure action was barred because such claims are logically related). Accordingly, Young's failure to raise compulsory counterclaims in the state foreclosure action or during the course of her bankruptcy proceedings bars her claims here.

### C. Failure to State a Claim

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the Court must take all well-pleaded allegations in the complaint as true and construe those allegations in a light most favorable to the plaintiff. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations omitted). "To

4

(1:12cv2902)

survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679.  The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citing authorities).

In other words, claims set forth in a complaint must be plausible, rather than conceivable. *Twombly*, 550 U.S. at 570.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. Pro. 8(a)(2)).

Though courts must construe *pro se* pleadings liberally, they are not required to conjure up questions never squarely presented to them. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).  To do so would "require ...[the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.* at 1278.

Even construing the Complaint liberally in a light most favorable to Young, *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008), it does not contain allegations reasonably suggesting she might have a valid Federal claim.  *See*, *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716

(1:12cv2902)

(6th Cir. 1996)(court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief). Moreover, as noted, Young does not respond to Defendants' arguments urging dismissal advanced in its motions, which the record supports. Accordingly, Young has failed to state a claim upon which relief has been granted.

### III. Conclusion

For the foregoing reasons, the Court grants Defendants' Motions to Dismiss (ECF Nos. 10; 15) and denies Plaintiffs' Motion for Temporary Restraining Order (ECF No. 24).

IT IS SO ORDERED.

| | |
|---|---|
| March 27, 2013 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |